**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABRIN LESTER,<br><br>                    Plaintiff,<br><br>          v.<br><br>ISU, et al.,<br><br>                    Defendants.<br>_____ / | CASE NO. 1:12-cv–00903-BAM PC<br><br>ORDER DISMISSING COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

**I.    Screening Requirement**

Plaintiff Sabrina Lester, a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed this action on June 4, 2012. On June 25, 2012, Plaintiff consented to the jurisdiction of the Magistrate Judge.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678-79, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969.

## II.     Complaint Allegations

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is currently incarcerated at the California Institute for Women, Corona. At the time of the incidents alleged in the complaint, Plaintiff was housed at Valley State Prison for Women. Plaintiff states that her civil rights have been violated by being falsely imprisoned and harassed by staff who got inmates to do their dirty work for them and took her release date. (Compl. 7, ECF No. 1.)

Plaintiff alleges that false rule violations of battery on an inmate were filed against her based upon the lies of inmates who are jealous of her and set her up. (Id. at 1.) Plaintiff states that the broom was shaved with a razor by her cellmates and the inmates across the hall, and inmate Rocha paid the eleven inmates to lie about her to take her release date. (Id. at 7.) During the investigation, Plaintiff told Defendant McGraw that she believed that inmates were paid with drugs and tobacco to tell lies about her so she would lose her release date. Plaintiff sent four requests for interviews to ISU Services. (Id. at 1.) Plaintiff requested that Correctional Officers Castellon, Villasenor, Chappel, and Moore take a polygraph test. "They" are covering up for their co-workers in this matter. (Id. at 2.)

Plaintiff brings this claim against Defendant Wells, VanHoff, McGraw, Castellon, and Villasenor based upon their response when she told them she was innocent of the allegations made by the eleven inmates. (Id. 4-5.) Plaintiff claims that she told Defendant Wells that the allegations

against her were false and he expressed no interest in ordering a polygraph test or doing a thorough investigation. Plaintiff told Defendants Van Hoff, McGraw, and Castellon that she was set up and she did not batter anyone. Defendant Villasenor allowed an inmate to give false testimony about the injuries she received and eleven inmates to be involved in setting Plaintiff up. (Id. at 7.)

Plaintiff requests that her Security Housing Unit term be dropped and she be immediately released on parole; three inmates involved be placed under citizen's arrest, booked, and charged; a polygraph test be ordered for herself; and $100. per day from March 26, 2011. (Id. at 2, 6.)

For the reasons set forth below, Plaintiff has failed to state a cognizable claim under section 1983. Further, the Court finds that Plaintiff's claims are unable to be cured by amendment and this action shall be dismissed, without leave to amend. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).

**III.    Discussion**

**A.    Habeas Corpus**

Plaintiff's claim that she was wrongfully convicted of a rule violation based on the false testimony of witnesses is not cognizable under Section 1983. When a prisoner is challenging the legality or duration of her custody and the relief she seeks is immediate or speedier release, her sole federal remedy is habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973). Where the action is brought to restore time credits, the effect is to shorten the term of confinement and the action would need to be brought by habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 79, 125 S. Ct. 1242, 1246 (2005). A "prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81-82, 125 S. Ct. at 1248.

Plaintiff's claim constitutes a challenge to the fact or duration of her physical imprisonment. Plaintiff alleges that she was wrongly convicted of a rule violation due to the false testimony of eleven inmates, and the purpose was to cause her to lose her release date. Plaintiff is seeking

immediate release from custody.[1] As such she is clearly challenging the legality or duration her incarceration, and success on the merits of Plaintiff's claim would necessarily demonstrate the invalidity of her confinement. Plaintiff's claims based upon the allegation of false testimony used to convict her of a rule violation are not cognizable under section 1983. Edwards v. Balisok, 520 U.S. 641, 648, 117 S. Ct. 1584, 1589 (1997). Further, Plaintiff's claim for damages is barred until such time as she can demonstrate that her conviction has been invalidated. Heck v. Humphrey, 512 U.S. 477, 483, 114 S. Ct. 2364, 2370 (1994). Plaintiff's remedy lies in a writ of habeas corpus.

**B.     Due Process**

Plaintiff alleges that Defendants failed to conduct polygraph tests on herself, officers, and the inmates who testified against her in response to her requests for interview. The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Wilkinson, 545 U.S. at 221, 125 s. Ct. at 2393. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480, 115 S. Ct. 2293, 2298 (1995). A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484, 115 S. Ct. at 2300).

There is no constitutional right to a polygraph test to prove innocence. Sotin v. Snider, No. CV-07-325-RHW, 2008 WL 2074033, at *4 (E.D.Wash. May 14, 2008); Lamonica v. County of Santa Clara, No. C-94-20748-JW, 1994 WL 715636, at *2 (N.D.Cal. Dec. 19, 1994). In California, the results of a polygraph examination are not admissible in a criminal proceeding unless stipulated by the parties. Cal. Evid. Code §§§ 351.1(a). Nor does the failure to administer a polygraph test impose atypical and significant hardship in relation to the ordinary incidents of prison life. Plaintiff

---

[1] Plaintiff's claim that she was wrongfully convicted based upon the false testimony is duplicative of the claim set forth in Lester v. Miller, 1:11-cv-01070-BAM (E.D.Cal.). In that action, Plaintiff stated she lost 360 days of credit and is seeking immediate release on parole. An order issued on , dismissing the claim as Plaintiff's sole remedy lies in a writ of habeas corpus. (ECF No. .)

4

does not have a liberty interest in having polygraph tests administered and cannot state a due process claim based upon the failure to administer such tests.

### IV.     Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is HEREBY DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983 and the Clerk's Office shall enter judgment. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, No. 08-15620, 2011 WL 4436248, at *4 (9th Cir. Sept. 26, 2011).

IT IS SO ORDERED.

Dated:   **July 30, 2012**                          /s/ **Barbara A. McAuliffe**
                                                            UNITED STATES MAGISTRATE JUDGE